**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                                                                   :

In re                                                        :          Chapter 11

MENOTTI ENTERPRISE, LLC,       :          Case No. 24-22242 (SHL)

           Debtor                       :

-------------------------------------------------------x

**MOTION OF ADP TOTALSOURCE, INC.**
**FOR RELIEF FROM AUTOMATIC STAY TO PERMIT IT**
**TO TERMINATE CLIENT SERVICES AGREEMENT**

ADP TotalSource, Inc. ("TotalSource"), by and through the undersigned counsel, hereby moves this Court pursuant to Sections 105(a) and 362(d) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure for entry of an order permitting TotalSource to immediately terminate the Client Services Agreement (the "CSA") between TotalSource and the Debtor pursuant to the terms and conditions of the CSA due to several defaults by the Debtor which put TotalSource at imminent risk of continuing loss; and because the Debtor has been unable to provide TotalSource with adequate assurance that it will perform, as required by the CSA. In support hereof, TotalSource states as follows:

**INTRODUCTION**

1.     The Debtor is a party to a Client Services Agreement, pursuant to which TotalSource provides certain human resources services under a co-employment arrangement as more fully described below. As provided in the CSA, TotalSource has the right to terminate the agreement immediately if the Debtor defaults in its payment obligation or if the Debtor materially breaches the CSA. The Debtor is in default of the CSA in that it has repeatedly paid payroll

1

directly to the employees rather than through TotalSource as required by the CSA. Moreover, the Debtor has not paid TotalSource its Service Fees from which TotalSource, in part, in turn pays the fees associated with workers compensation coverage for the Debtor's employees. Further, upon information and belief, the Debtor does not intend to pay its monthly employee benefits invoice, and for cash flow reasons, the Debtor desires to terminate the CSA. A copy of the proposed form of Order is submitted herewith as Exhibit A.

## JURISDICTION

2.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1134. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O).

## FACTUAL BACKGROUND

3.      On May 5, 2020, the Debtor and TotalSource executed the CSA, a true and correct copy of which is attached hereto as Exhibit B.

4.      Pursuant to the terms of the CSA, TotalSource, which is a professional employer organization ("PEO") agreed to provide to the Debtor human resource services under an arrangement whereby the parties act as co-employers of the employees working for the Debtor (the "Worksite Employees").

5.      Pursuant to the CSA, the Debtor is required to fund the gross payroll for the Worksite Employees. In turn, TotalSource funds and issues the payroll for the Worksite Employees.

6.      Pursuant to the CSA, the Debtor also is required to pay workers compensation administration fees (paid as part of a Service Fee with the gross payroll) and health insurance premiums (payable no later than the 10th day of the month) to TotalSource, which in turn provides those benefit offerings to the Debtor.

7.   On March 22, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code and continues in possession of its assets and manage its affairs as a debtor-in-possession.

8.   On February 23, 2024 and again on or about March 22, 2024, the Debtor paid the Worksite Employees directly in violation of the CSA.  The CSA requires the Debtor to " . . . process and pay all taxable wages and other taxable payments to Worksite Employees exclusively through TotalSource."  CSA, Part I, Section II D.

9.   Payment by the Debtor of payroll directly to the Worksite Employees is problematic in two ways.  First, it makes it more difficult for TotalSource to timely submit accurate payroll reports to the taxing authorities.  Second, and perhaps more importantly, when the Debtor pays the Worksite Employees directly it pays *only* the net payroll.  In contrast, the payments to TotalSource *include* payroll taxes and the Service Fee from which TotalSource pays the workers compensation premium.

10.  Upon information and belief, the Debtor is unable to fund the gross payroll as the Worksite Employees are paid, but rather, prefers to pay the taxes as they come due each quarter.

11.  Upon information and belief, the Debtor also prefers to save the expense of paying TotalSource's Service Fees.

12.  On April 1, 2024, TotalSource sent the Debtor its monthly invoice for employee health benefits.  Payment in the amount of $24,081.27 is due on or before April 10, 2024. TotalSource understands that the Debtor desires to terminate the CSA and therefore does not intend to pay this invoice.

13.  Part 2, Section 13A of the CSA provides that TotalSource can terminate the CSA immediately and without prior notice to the Debtor for cause, including "(i) [Debtor's] non-

3

payment of any amount due to TotalSource; (ii) [Debtor's] material adverse change in financial position or operations; [and] (iii) [Debtor's] inability to pay debts as they become due in the ordinary course of business."

## RELIEF REQUESTED

14. TotalSource seeks hereby a Court order authorizing it immediately to terminate the CSA due to the Debtor's material breach of the CSA and because the Debtor has not and cannot provide TotalSource with adequate assurance that it will comply with the terms of the CSA going forward.

## BASIS FOR RELIEF

15. Section 362(a) of the Bankruptcy Code creates an automatic stay of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

16. To the extent the automatic stay applies, TotalSource is entitled to relief from the automatic stay for "cause" under Bankruptcy Code section 362(d)(1) sufficient to permit TotalSource to terminate the CSA.

17. TotalSource will face immediate harm if the CSA is not terminated because TotalSource is exposed to potential liability for any payroll that the Debtor does not fund and for taxes that the Debtor does not fund. Additionally, TotalSource is presently at risk of incurring expenses for the Debtor's employee benefits without any assurance from the Debtor that it will pay those costs.

18. Accordingly, for the reasons set forth above, TotalSource is entitled to relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code sufficient to enable it to immediately terminate the CSA in accordance with its terms.

WHEREFORE, TotalSource respectfully requests that this Court, after notice and a hearing, enter an order as follows:

A. Granting TotalSource relief from stay to terminate the CSA forthwith for cause; and

B. Granting such other and further relief as may be appropriate.

>Scarinci Hollenbeck
>Attorneys for ADP TotalSource, Inc.


>/s/ David Edelberg_____
>       David Edelberg

Dated: April 9, 2024
       New York, New York

5