David Edelberg, Esq.
**SCARINCI & HOLLENBECK, LLC**
150 Clove Road, 9th Floor
Little Falls, New Jersey 07424
(201) 896-7701 (Tel)
(201) 896-7084 (Fax)
dedelberg@sh-law.com
*Attorneys to ADP TotalSource, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | |
|---|---|
| MENOTTI ENTERPRISE, LLC, | Chapter 11 (Subchapter V) |
| Debtor. | Case No.: 24-22242-SHL |

**CERTIFICATION OF LUCAS ORDONEZ SUBMITTED IN SUPPORT OF ORDER TO SHOW CAUSE SEEKING ENTRY OF AN ORDER SCHEDULING A SHORTENED HEARING DATE ON ADP TOTALSOURCE'S APPLICATION SEEKING RELIEF FROM THE AUTOMATIC STAY**

Lucas Ordonez, being of full age, hereby certifies as follows:

1. My name is Lucas Ordonez, and I am the Money Movement Executive for ADP TotalSource, Inc. ("TotalSource"). TotalSource is a professional employer organization.

2. I am submitting this Certification in support of TotalSource's Application for An Order to Show Cause Scheduling a Shortened Hearing Date upon TotalSource's Motion Seeking Relief from the Automatic Stay.

3. My responsibilities include all issues regarding receipt and distribution of payments from TotalSource's clients, which includes payments due from Menotti Enterprises, LLC ("Debtor"). Such payments arise from a Client Services Agreement ("CSA") entered into between TotalSource and the Debtor, dated May 5, 2020.

1

4.  Pursuant to the CSA, TotalSource agreed to provide to the Debtor human resource services under an arrangement whereby the parties act as co-employers of the employees working for the Debtor (the "Employees").

5.  Pursuant to the CSA the Debtor is required to fund the gross payroll for the Worksite Employees. In turn, TotalSource funds and issues the payroll for the Employees.

6.  Pursuant to the CSA, the Debtor also is required to pay workers compensation administration fees (paid as part of a Service Fee with the gross payroll) and health insurance premiums (payable no later than the 10th day of the month) to TotalSource, which in turn provides those benefit offerings to the Debtor.

7.  On February 23, 2024, and again on or about March 22, 2024, the Debtor paid the Employees directly in violation of the CSA. The CSA requires the Debtor to " . . . process and pay all taxable wages and other taxable payments to Worksite Employees exclusively through TotalSource." CSA, Part I, Section II D. A copy of the CSA is attached to the Motion as Exhibit B.

9.  The Debtor's payment of payroll directly to the Employees is problematic in two ways. First, it makes it more difficult for TotalSource to timely submit accurate payroll reports to the taxing authorities. Second, and perhaps more importantly, when the Debtor pays the Employees directly it pays *only* the net payroll. In contrast, the CSA requires that payments to TotalSource *include* payroll taxes and the Service Fee from which TotalSource pays the workers compensation fees.

10. Thus, the Debtor's failure to fund the gross payroll results in potential liability for payroll taxes and health insurance benefit premiums.

11. Upon information and belief, the Debtor is unable to fund the gross payroll as the Employees are paid, but rather, prefers to pay the taxes as they come due each quarter.

12. Upon information and belief, the Debtor also prefers to save the expense of paying TotalSource's Service Fees. Therefore, it is my understanding that the Debtor consents to the relief sought in the Motion, i.e., granting relief from the automatic stay to allow TotalSource to terminate the CSA in accordance with its terms.

13. On April 1, 2024, TotalSource sent the Debtor its monthly invoice for employee health benefits. Payment in the amount of $24,081.27 is due on or before April 10, 2024. TotalSource understands that the Debtor desires to terminate the CSA and therefore does not intend to pay this invoice.

14. As a result, TotalSource may incur an administrative priority claim on April 10 for the foregoing premium amounts and fees. TotalSource fears that it will continue to incur additional post-petition administrative claims in light of the Debtor's ongoing, direct payment of the Employees' payroll.

15. TotalSource seeks to schedule a hearing on the Motion as soon as possible in order to minimize the likely ongoing incurrence of additional post-petition debt.

I hereby certify that the foregoing statements are true. I am aware that if any of the foregoing statements are willfully false I may be subject to punishment.

Dated: April 9, 2024

_____
Lucas Ordonez