Eliot S. Bickoff, Esq. (EB 9273)
ASTA & ASSOCIATES, P.C.
450 Seventh Street, Suite 2205
New York, NY 10123
Tel: (212) 244-6555
Fax: (212) 244-4757
ebickoff@astalaw.com
*Attorneys for Fred Cottrill*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

In re:

                                                           Chapter 11, Subchapter V

MENOTTI ENTERPRISE, LLC,                Case No.: 24-22242-SHL

                       Debtor.
-----------------------------------------------------------X

**NOTICE OF MOTION BY FRED COTTRILL
FOR RELIEF FROM THE AUTOMATIC STAY AS TO NON-BANKRUPTCY ACTION**

      PLEASE TAKE NOTICE that a hearing on the Motion by FRED COTTRILL for Relief from the Automatic Stay as to non-bankruptcy action, pursuant to Bankruptcy Code Section 362(d)(1), will be held before the HONORABLE SEAN H. LANE, United States Bankruptcy Judge, Courtroom 701 of the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 (the "Bankruptcy Court"), on **July 24, 2024**, at 10:00 a.m. (Prevailing Eastern Time) (the "Hearing Date"), or as soon thereafter as counsel may be heard. Notice is given to the Debtor and trustee (if any) (Responding Parties), their attorneys (if any), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order

granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

PLEASE TAKE FURTHER NOTICE that the Hearing on the Motion will be conducted on Zoom for Government.

PLEASE TAKE FURTHER NOTICE that any responses or objections ("Objections") to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, shall set forth the name of the objecting party, the basis for the Objection and the specific grounds therefore, and must be filed electronically with the Bankruptcy Court in accordance with Local Bankruptcy Rule 5005-2 (Local Bankruptcy Rule 5005-2 and the User's Manual for the Electronic Case Filing System may be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's case filing system, and by all other parties in interest in accordance with Local Bankruptcy Rule 5005-1, and must be served upon (i) counsel to FRED COTTRILL, ASTA & ASSOCIATES, PC, 450 7th Avenue, Suite 2205, New York, NY 10123, Attn: Michael J. Asta, Esq. (masta@astalaw.com); (ii) counsel to the Debtor, ORITZ & ORITZ, LLP, 287 Park Avenue South, Suite 213, New York New York 10010, Attn: Norma E. Oritz, Esq.; and (iii) The Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 534, New York, New York 10004., so as to be received no later than July 17, 2024, at 10:00 a.m. (Prevailing Eastern Time) (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if no Objections to the Motion are timely filed and served, FRED COTTRILL may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion as **EXHIBIT A**, which order may be entered with no further notice or opportunity to be heard.

Eliot S. Bickoff, Esq.
ASTA & ASSOCIATES, P.C.
450 Seventh Street, Suite 2205
New York, NY 10123
Tel: (212) 244-6555
Fax: (212) 244-4757
ebickoff@astalaw.com
*Attorneys for Fred Cottrill*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
In re:

                                                Chapter 11, Subchapter V

MENOTTI ENTERPRISE, LLC,          Case No.: 24-22242-SHL

                Debtor.
---------------------------------------------------------X

**<u>MOTION BY FRED COTTRILL</u>**
**<u>FOR RELIEF FROM THE AUTOMATIC STAY AS TO NON-BANKRUPTCY ACTION</u>**

        Personal injury plaintiff FRED COTTRILL, by and through his counsel, ASTA & ASSOCIATES, P.C., respectfully requests the Court enter an Order in the form enclosed herein **(EXHIBIT A)** lifting the automatic stay imposed by 11 U.S.C. § 362 for the purpose of permitting the Plaintiff to continue litigating his personal injury matter currently pending in Supreme Court, Bronx County bearing Index Number 24194/2019. In support thereof, the Plaintiff respectfully states as follows:

**BACKGROUND**

1.     In the Nonbankruptcy Action, Movant is plaintiff FRED COTTRILL

2.     I am Movant's attorney of record in the Nonbankruptcy Action.

3. There is a pending lawsuit (Nonbankruptcy Action) involving the Debtor:

    a. Name of Nonbankruptcy Action: FRED COTTRILL v. MATRIX DEVELOPMENT GROUP, MENOTTI ENTERPRISE LLC, BLUE ROCK CONSTRUCTION INC. and LYNDON STEEL COMPANY, LLC

    b. Index number: 24194/2019

    c. Nonbankruptcy forum where Nonbankruptcy Action is pending: SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF BRONX;

    d. Causes of action or claims for relief (Claims): Negligence resulting in personal injury to plaintiff FRED COTTRILL.

4. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as **EXHIBIT B**.

5. On March 22, 2024 (the "Petition Date"), Menotti Enterprise, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11, Subchapter V of Title 11 of the United States Code (the "Bankruptcy Code").

6. Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from the stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

    a. Movant seeks recovery only from applicable insurance, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

    b. Movant seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under

11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

 c. Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

 d. The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

 e. The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

7. Bankruptcy Code Section 362(d)(1) provides that on the request of a party and after notice and a hearing, the court shall grant relief from a stay for, "cause, including the lack of adequate protection of an interest in property of such party in interest." "Cause" for relief from a bankruptcy litigation stay is not defined in the Bankruptcy Code and is handled on a case by case basis. See In re Fernstrom Storage and Van Co. (7th Cir. 1991) 938 F.2d 731, 735 (C.A 7 1991).

8. In a motion to grant relief from a stay, the moving party is only required to make an initial showing that he is entitled to relief from the stay; the burden then moves to the debtor to overcome that showing. See In re Sonnax Industries, Inc. (2nd Cir. 1990) 907 F.2d 1280, 1285.

9. When determining if cause exists for relief from a bankruptcy stay, courts look at a number of factors:

- Whether relief would result in partial or complete resolution of the issues;
- The lack of any connection with or interference with the bankruptcy case;

- Whether other proceeding involved the Debtor as a fiduciary;

- Whether the Debtor has applicable insurance coverage and said insurer has assumed full responsibility for defending it;

- Whether the action primarily involves third parties;

- Whether litigation in another forum would prejudice the interests of other creditors;

- Whether the Movant's success in the other proceeding would result in a judicial lien available by the Debtor;

- The interests of judicial economy and the expeditious and economical resolution of the litigation;

- Whether the parties are ready for trial in the other proceeding;

- The impact of the stay on the parties and the balance of harm.

See, In re New York Medical Group, P.C. (S.D.N.Y. 2001) 265 B.R. 408, 413.

10. However, in weighing these factors, courts only consider those that are relevant to the circumstances of the case at hand and factors are not weighed evenly. See In re Mezzeo (2nd Cir. 1999) 167 F.3d 139, 143.) A moving party need not show a majority of these factors, nor even a majority of relevant factors that favor lifting the stay.

11. When the automatic stay is applied to litigation in which debtor has insurance covering the claim, such as the present case, several of these factors weigh strongly in favor of granting the movant relief from the stay, most obviously that the debtor has insurance and the insurer has assumed full coverage. However, other factors associated with the existence of insurance are also likely to weigh in favor of lifting the stay, such as the interests of judicial economy, the lack of

prejudice to creditors due to the potential recovery being paid by insurance, and the lack of connection to or interference with the bankruptcy.

12. Herein, the debtor MENOTTI ENTERPRISE, LLC has insurance and the insurer has assumed full coverage. See the Declaration Sheet of Insurance by Allied World Insurance, Policy number 0310-6550, policy period from April 2017 to April 11, 2018. (**EXHIBIT C**) The accident of plaintiff Fred Cottrill occurred on November 1, 2017, so said accident is covered by the said policy.

13. The Debtor is also insured for claims under an excess liability insurance policy issued by QBE Specialty Insurance Company, policy number MQSX00005710-00, period effective April 11, 2017 to April 11, 2028, with coverage of $5,000.000.00 ("QBE"). See **EXHIBIT D.**

14. At the time of the occurrence, MENOTTI ENTERPRISE, LLC was a named insured under said policy.

15. Said policy was in full force and effect on November 1, 2017.

16. The insolvency or bankruptcy of the debtor shall not release the insurer from its obligations.

17. Other factors associated with the existence of insurance weigh in favor of lifting the stay, such as the interests of judicial economy, the lack of prejudice to creditors due to the potential recovery being paid by insurance, and the lack of connection to or interference with the bankruptcy.

18. May the court note that the core policy behind a bankruptcy stay is to prevent prejudicial dissipation of the debtor's assets. When a judgment is or would be entirely covered by insurance from an insurance carrier, there is no possibility of prejudicial dissipation of debtor assets. See In re Bock Laundry Mach. Co. (N.D. OH 1984) 37 B.R. 557, 566 ("where…the pending action is

neither connected with nor interfering with the bankruptcy proceeding, the automatic stay in no way fosters Code policy").)

19. Where a defendant goes bankrupt during litigation, but insurance exists covering the plaintiff's claims, there is a strong basis to obtain relief from the bankruptcy stay, and continue the litigation for the insurance proceeds. See, In re IBI Sec. Serv., 158 B.R. 1 (Bankr. E.D. 1993)

## REQUEST FOR RELIEF

20. By and through this Motion, FRED COTTRILL seeks an order from the Court, in the form attached hereto as **EXHIBIT A**, granting FRED COTTRILL relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

## NOTICE

21. Notice of this Motion will be provided in accordance with Bankruptcy Rule 4001, and Rule 4001-1 of the Local Bankruptcy Rules for the Southern District of New York. FRED COTTRILL respectfully submits that no further notice is necessary. Prior to filing this Motion, undersigned counsel requested the consent of the Debtor, through Debtor's counsel. See the proposed stipulation that was sent to debtor's counsel attached hereto as **EXHIBIT E.** As of the date of this Motion, the Debtor has not consented to the relief requested herein.

## NO PRIOR REQUEST

22. No prior request for the relief sought in this Motion has been made to this Court or any other court.

**WHEREFORE**, FRED COTTRILL requests that the Court enter an Order granting FRED COTTRILL, the following relief:

(a) Relief from the stay pursuant to 11 U.S.C. § 362(d)(1);

(b) Permission for FRED COTTRILL to proceed under applicable nonbankruptcy law to enforce his remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate; and

(c) Granting such other and further relief as is just and proper in this case.

Dated: July 3, 2024
New York, NY

Respectfully submitted:

*/s/ Eliot S. Bickoff*
Eliot S. Bickoff, Esq. (EB 9273)
ASTA & ASSOCIATES, PC 450
7th Avenue
Suite 2205
New York, NY 10123 Telephone:
(212) 244-6555 E-mail:
masta@astlaw.com Counsel to
FRED COTTRILL